# Llewellyn *v.* Buechley, Appellant.

*Statute of limitations—Adverse possession of land—Evidence—Ejectment.*

Nothing short of an actual, continued, visible, notorious, distinct and hostile or adverse possession of land for twenty-one years will give title under the statute of limitations.

In an action of ejectment where the defendant shows a good record title and the plaintiff claims by adverse possession, a verdict and judgment for plaintiff will be sustained where the evidence for the plaintiff tended to show that she and her predecessors in title had claimed the land in dispute for forty years before plaintiff was dispossessed by defendant, that they cultivated a portion of it, took fruit from trees growing on it, dried clothes upon it, kept pigs on it, erected and maintained a bake oven on it, and that at one time the land was fenced.

Argued Feb. 19, 1901.    Appeal, No. 184, Jan. T., 1900, by defendant, from judgment of C. P. Schuylkill Co., May T., 1884, No. 44, on verdict for plaintiff, in case of Ann Llewellyn v. William Buechley.    Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ.    Affirmed.

Ejectment for a lot of land in the borough of Pottsville.    Before Bechtel, J.

At the trial it appeared that defendant had a record title from one Jonathan Wynn.    Wynn had divided a tract of land containing about seven acres in the borough of Pottsville into lots.    The land described in the writ was part of lot No. 13, which together with lot No. 12, was conveyed by Wynn on December 20, 1830, to one Pettit.    Defendant claimed by mesne conveyances from Pettit.    Plaintiff claimed by continuous adverse possession of herself and her predecessors for over forty years.    The evidence for plaintiff as to adverse possession tended to show that she and her predecessors had cultivated a portion of the land, took fruit from trees growing on it, erected posts upon which to dry clothes, kept pigs on the land, erected and maintained a bake oven on it, paid taxes on it, and that at one time the land was fenced.    Prior to the suit defendant had dispossessed plaintiff of possession.

The court submitted the question of adverse possession to the jury.

Verdict and judgment for plaintiff.    Defendant appealed.

*Error assigned* amongst others was in submitting the case to the jury.

*Guy E. Farquhar*, with him *Arthur J. Pilgram*, for appellant.

*John W. Ryon*, with him *E. A. Beddall*, for appellee.

PER CURIAM, April 1, 1901:

On the trial of this case in the court below, the appellee claimed title to the property in controversy by reason of actual occupancy or possession of it by herself and predecessors for a period of twenty-one years ; and the real question was whether there was sufficient evidence to submit to the jury of such possession by her as is required by law.   The assignments of error raise the question here.   The jury were instructed "that nothing short of an actual, continued, visible, notorious, distinct and hostile or adverse possession for twenty-one years will give title under the statute of limitations."   Under this proper instruction they found from the evidence, which was sufficient to justify their finding, that the plaintiff was entitled to recover, and the judgment on their verdict is therefore affirmed.